TODD M. LANDER (BAR NO. 173031)
todd.lander@ffslaw.com
MARK B. MIZRAHI (BAR NO. 179384)
mark.mizrahi@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, 15th Floor
Los Angeles, California 90067
Telephone:  (310) 255-6100
Facsimile:  (310) 255-6200

*Attorneys for Plaintiff Kellytoy*
*Worldwide, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KELLYTOY WORLDWIDE, INC., a California corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>JAY FRANCO & SONS, INC., a New York corporation, JAY AT PLAY INTERNATIONAL HONG KONG LIMITED d/b/a/ Jay At Play, a Hong Kong private limited company, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-07831-AB-MRWx<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR: (1) TEMPORARY RESTRAINING ORDER; AND (2) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; REQUEST FOR EXPEDITED DISCOVERY** |

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 65, Local Civil Rules 7-19 and 65-1, the Lanham Act (15 U.S.C. § 1051, *et seq.*), and the common law, plaintiff Kellytoy Worldwide, Inc. ("Kellytoy" or "Plaintiff") will and hereby does apply to the Court, *ex parte*, for a temporary restraining order ("TRO") and order to show cause re: preliminary injunction, enjoining and restraining defendants Jay Franco & Sons, Inc. ("Franco") and its division or subsidiary, Jay At Play International Hong Kong Limited d/b/a/ Jay At Play ("Jay At Play") (collectively, "Defendants") from further infringing and exploiting Kellytoy's SQUISHMALLOWS trademark in connection with Defendants' distribution, offers for sale, and sale of their directly competitive MUSHMILLOWS branded line of plush toys.

Specifically, through this Application, Kellytoy seeks issuance of a TRO against Defendants and their corporate parents, subsidiaries and affiliate entities and all of their directors, officers, agents, servants, employees, representatives, and all other persons or entities acting on their behalf or in concert or participation with Defendants, including without limitation their customers, enjoining and restraining them from:

1. selling, offering to sell, causing to be sold, disseminating, importing, distributing, circulating, promoting, marketing, advertising, or in any way commercially exploiting any goods bearing the MUSHMILLOWS designation or any other designation confusingly similar to Kellytoy's SQUISHMALLOW or SQUISHMALLOWS trademarks;

2. using any false designation of origin, or representing or suggesting directly or by implication that Defendants, or any brands or other sources identifiers created by Defendants, or their toys, are affiliated with, associated with, authorized by, or otherwise connected to Kellytoy, or that Defendants are authorized by Kellytoy to use the SQUISHMALLOWS Mark;

3.  using or transferring to any entity the domain name <mushmillows.com>, or undertaking any activities to promote or utilize that domain name, or any other domain name that includes any word or designation confusingly similar to SQUISHMALLOWS, including without limitation, MUSHMILLOWS, or any alternate spellings thereof; or

4.  knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in (1) through (3) above.

Kellytoy further requests that the Court, under Rule 26(d)(1) of the Federal Rules of Civil Procedure, enter an Order permitting Kellytoy to take expedited discovery, limited to: (1) a F.R.C.P. Rule 30(b)(6) deposition of Defendants concerning the facts raised in this Application; and (2) the production, within five (5) days of the entry of the requested Order on this Application, of documents limited to the identities of Defendants' customers who purchased and/or placed orders for the Infringing Plush, the names of each retail and wholesale outlet currently distributing the Infringing Plush, communications between Defendants and Defendants' supplier concerning the Infringing Plush, the location and number of units of the Infringing Plush within Defendant's possession, custody, or control, Defendants' first awareness and/or knowledge of Kellytoy's Squishmallows, and Communications relating to or referring to the similarities or dissimilarities between the parties' respective goods.

This *Ex Parte* Application is made on the grounds that immediate and irreparable injury will result to Kellytoy unless the activities described above are enjoined pending trial of this action.  This Application for TRO is based upon this Application, the attached Memorandum of Points and Authorities, the accompanying Declarations of Jeanne Yoon and Mark B. Mizrahi and all exhibits attached and filed concurrently herewith, the [Proposed] Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue lodged concurrently herewith, and upon such other and further evidence and

argument as may be presented to the Court prior to or at the time of hearing on this application, if any.

Plaintiff does not know whether Defendants have retained counsel to represent them in this action.  Plaintiff is aware, however, that defendant Jay At Play, a division or subsidiary of defendant Franco, is represented by counsel in connection with Jay At Play's pending United States trademark application for the alleged infringing trademark.  Such counsel's contact information is as follows:

> Luke W. Demarte, Esq.
> Michael Best & Friedrich LLP
> 444 W. Lake Street
> Suite 3200
> Chicago, Illinois 60606
> Telephone: (312) 222-5795
> Facsimile: (312) 222-0818
> Email: lwdemarte@michaelbest.com

On September 12, 2019, Plaintiff, in accordance with the Court's Standing Order and the District Court's Local Rules, emailed the instant Application, the accompanying Memorandum of Points and Authorities and supporting declarations and exhibits thereto, the Proposed Order, and the Summons and Complaint in this action to Luke W. Demarte, Eaq., at lwdemarte@michaelbest.com.  Plaintiff also contacted Mr. Demarte by telephone to inform him, on behalf of his client, of this Application.  *See* Declaration of Mark B. Mizrahi, ¶ 5.

Together with service hereof, Plaintiff also provided Defendants' counsel, Mr. Demarte, with a printout (its counsel in PDF) of the Court's ex parte application procedures, including, without limitation, notification that opposing papers must be filed no later than 24 hours (or one court day) following service, being that Defendants has not previously appeared in the action.  *Id.*

Neither Defendants nor counsel have yet appeared of record in the case, and Mr. Demarte – existing counsel for Defendants – advised Plaintiff that,

-3-
PLAINTIFF'S EX PARTE APPLICATION FOR TRO

although he had not yet spoken with his clients, he expects that Defendants intend to oppose this Application.

DATED: September 12, 2019          FREEMAN, FREEMAN & SMILEY, LLP


                                  By:    _/ s / Mark B. Mizrahi_
                                         TODD M. LANDER
                                         MARK B. MIZRAHI
                                         Attorneys for Plaintiff,
                                         KELLYTOY WORLDWIDE, INC.