KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
MARK C. HUMPHREY (SBN 291718)
  mxh@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone:   (310) 312-2000
Facsimile:    (310) 312-3100

Attorneys for Defendants
Jay at Play International Hong Kong Limited
d/b/a Jay at Play and Jay Franco & Sons, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KELLYTOY WORLDWIDE, INC., a California corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>JAY AT PLAY INTERNATIONAL HONG KONG LIMITED d/b/a/ Jay At Play, a Hong Kong private limited company, JAY FRANCO & SONS, INC., A New York Corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 2:19-cv-07831-AB-MRWx<br><br>Honorable Andre Birotte Jr.<br><br>**DEFENDANTS JAY AT PLAY AND JAY FRANCO'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>[Declarations of Alan Sutton and Joseph Franco and the [Proposed] Order filed concurrently herewith]<br><br>DATE:        November 22, 2019<br>TIME:        10:00 a.m.<br>CTRM.:      7B, 350 W. First Street |

Mitchell
Silberberg &
Knupp LLP

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that, on November 22, 2019, in the courtroom of The Honorable Andre Birotte Jr. of the United States District Court for the Central District of California, 350 W. First Street, Los Angeles, California, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendants Jay at Play International Hong Kong Limited d/b/a Jay at Play and Jay Franco & Sons, Inc. (jointly, "Defendants") shall and hereby do move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss this action.

This Motion is made on the following grounds:

Both Defendants lack any meaningful connection to this District or the State of California.  Accordingly, this Court lacks personal jurisdiction over both Defendants.

This Motion is and will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and declarations, any additional exhibits or memoranda in support thereof, and any argument presented at the hearing on this Motion.


DATED: October 16, 2019                KARIN PAGNANELLI
                                       MARK C. HUMPHREY
                                       MITCHELL SILBERBERG & KNUPP LLP


                                       By:  /s/ Karin G. Pagnanelli
                                              Karin G. Pagnanelli
                                              Attorneys for Defendants
                                              Jay at Play International Hong Kong
                                              Limited d/b/a Jay at Play and
                                              Jay Franco & Sons, Inc.

Mitchell
Silberberg &
Knupp LLP

1

1

# **TABLE OF CONTENTS**

2

**Page**

Factual Background ...........................................................................................1

Argument .........................................................................................................2

I.      Legal Standard.......................................................................................2

II.     There Is No General Jurisdiction over Defendants. ..............................3

III.    There Is No Specific Jurisdiction Over Defendants...............................4

        A.      There Is No Specific Jurisdiction over Jay At Play. ...................5

                1.      Jay At Play Did Not Purposefully Direct any Actions at
                        California. ........................................................................5

                2.      Kellytoy's Claim Does Not Arise out of Forum-Related
                        Activities. ........................................................................6

                3.      Exercising Personal Jurisdiction over Jay At Play in
                        California Would Not Comport with Notions of Fair Play
                        and Substantial Justice. ...................................................6

        B.      There Is No Specific Jurisdiction over Jay Franco. ...................8

Conclusion .......................................................................................................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Amoco Egypt Oil Co. v. Leonis Navigation Co.,*
   1 F.3d 848 (9th Cir. 1993) ................................................................................4

*Bright v. Primary Source Media,*
   1998 U.S. Dist. LEXIS 15301 (N.D. Cal. Sept. 29, 1998) ...............................8

*Calder v. Jones,*
   465 U.S. 783 (1984) ..........................................................................................6

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n,*
   125 F. Supp. 2d 1194 (C.D. Cal. 2000) ........................................................7, 8

*Love v. The Mail on Sunday,*
   2006 U.S. Dist. LEXIS 95469,
   Case No. CV 05-7798 ABC (PPJWx) (C.D. Cal. 2006) ...................................6

*Martinez v. Aero Caribbean,*
   764 F.3d 1062 (9th Cir. 2014) ..........................................................................3

*Marvix Photo, Inc. v. Brand Techs., Inc.,*
   647 F.3d 1218 (9th Cir. 2011) ..........................................................................3

*Matus v. Premium Nutraceuticals, LLC,*
   715 Fed. Appx. 662 (9th Cir. 2018) .................................................................2

*Pebble Beach Co. v. Caddy,*
   453 F.3d 1151 (9th Cir. 2006) ..........................................................................6

*Schwarzenegger v. Fred Martin Motor Co.,*
   374 F.3d 797 (9th Cir. 2004) ....................................................................3, 4, 5

*Walden v. Fiore,*
   571 U.S. 277 (2014) .....................................................................................4, 6

Mitchell
Silberberg &
Knupp LLP

ii

## MOTION TO DISMISS

Kellytoy Worldwide, Inc. has forced defendants Jay At Play International Hong Kong Limited and Jay Franco & Sons, Inc. (together "Defendants") into this Court despite the fact that neither has any jurisdictionally relevant contacts with the State of California.  Defendants are not at home in California and their alleged infringement was not directed at California or its residents.  Accordingly, this Court should dismiss Kellytoy's Complaint for lack of personal jurisdiction.

### Factual Background

Defendant Jay At Play is a Hong Kong private limited company that develops and manufactures children's toys.  (Dkt. 1 ¶ 12; Declaration of Alan Sutton ¶¶ 6-7.)  Though Jay At Play owns no offices in the United States of America, it utilizes office space in Boca Raton, Florida.  (Sutton Decl. ¶ 8.)  Earlier this year, Jay At Play began selling MUSHMILLOWS, large plush items usable as fun pillows.  (*Id.* ¶¶ 12-13.)  Jay At Play has only one customer for its MUSHMILLOWS fun pillows – Walmart – located in Bentonville, Arkansas.  (*Id.* ¶ 14.)  And pursuant to the purchase documents, Walmart takes ownership of the MUSHMILLOWS as soon as Jay At Play delivers them to a warehouse in Shanghai.  (*Id.* ¶ 15.)  That is, Jay At Play delivers the goods to Walmart "FOB" Shanghai.  (*Id.*)[1]

Defendant Jay Franco is a New York corporation that develops and manufacturers bedding, bath, and beach products.  (Declaration of Joseph Franco ¶ 3.)  Jay Franco is not involved in developing, manufacturing, distributing, importing, promoting, or selling the accused MUSHMILLOWS fun pillows.  (*Id.* ¶ 4.)  Jay Franco also has no physical presence in the State of California other than some rented warehouse space to store products before they are shipped to retailers.  (*Id.* ¶¶ 7-8.)

---

[1] The same shipping documents demonstrate that Walmart then ships the goods to Houston, Texas and not California.  (*Id.*)

Mitchell Silberberg & Knupp LLP

1

On September 10, 2019, Kellytoy filed this suit against Jay At Play and Jay Franco, alleging infringement of Kellytoy's trademark and trade dress rights.  (Dkt. 1.)  On September 12, 2019, Kellytoy filed its motion for an emergency *ex parte* TRO.  (Dkt. 7.)  This Court denied Kellytoy's motion on September 16, based on Jay At Play's arguments that (i) there is no basis for personal jurisdiction over Jay At Play and (ii) the marks and products at issue are not similar.  (Dkt. 15.)

## Argument

The Court should dismiss Kellytoy's complaint because this Court lacks personal jurisdiction over Defendants.  Defendant Jay At Play has no contacts with and has never sold MUSHMILLOWS fun pillows directly to anyone within this District or the State of California.  As mentioned, Jay At Play has a single customer, Walmart, is located in Bentonville, Arkansas.  And Jay At Play delivers the accused goods to Walmart and relinquishes control over those goods in Shanghai, China.

The Court's lack of jurisdiction over Jay Franco is even more apparent because Jay Franco has only minimal contacts with the State of California and its lack of any involvement with MUSHMILLOWS renders specific jurisdiction inappropriate.  Therefore, this Court lacks jurisdiction over Defendants, and Kellytoy's Complaint should be dismissed.

## I.    LEGAL STANDARD

To establish personal jurisdiction, Kellytoy must show that Defendants have "certain minimum contacts" with California such that the maintenance of this lawsuit "does not offend 'traditional notions of fair play and substantial justice.'" *Matus v. Premium Nutraceuticals, LLC*, 715 Fed. Appx. 662, 662 (9th Cir. 2018) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  This can be accomplished by asserting either general or specific personal jurisdiction.

Mitchell
Silberberg &
Knupp LLP

2

## II.    THERE IS NO GENERAL JURISDICTION OVER DEFENDANTS.

A court may assert general jurisdiction over a foreign entity if the entity has "continuous and systematic general business contacts that approximate physical presence in the forum state." *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223-24 (9th Cir. 2011) (internal citations and quotations omitted). To determine whether the requisite systematic contacts exist, courts should consider their "longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." *Id.* at 1224. The standard for asserting general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004).

Kellytoy does not allege that either Jay At Play or Jay Franco has a physical presence or other continuous and systematic contacts with the State of California. Indeed, Defendants have no offices or staff in California, and have no registered agent in California. (Sutton Decl. ¶ 9; Franco Decl. ¶¶ 6-7.)

Though Jay Franco does rent warehouse space in California to store products for shipment to retailers, this alone is insufficient to confer general jurisdiction. The warehouse space is owned and managed by a third-party that also manages the shipments out of the warehouse. (Franco Decl. ¶ 8.) The third-party warehouse owner's employees ship products out of the warehouse. (*Id.*) Jay Franco's employees do not work in the warehouse and do not pick up product from the warehouse for shipment. (*Id.*) Without more than the passive storage of products, this rented warehouse space managed and operated entirely by a third-party does not make Jay Franco "essentially at home" in California. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) ("General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the

1  state."); *see also Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851

2  n.3 (9th Cir. 1993) (noting that the Ninth Circuit has "regularly . . . declined to find

3  general jurisdiction even where the contacts were quite extensive").

4       Accordingly, Kellytoy cannot show sufficient contacts to justify the Court's

5  exercise of general jurisdiction over either defendant.

6  **III.   THERE IS NO SPECIFIC JURISDICTION OVER DEFENDANTS.**

7       Kellytoy fails to set forth a basis for specific jurisdiction, and for good

8  reason – there is none.  When assessing specific jurisdiction arguments, courts

9  focus on "the relationship among the defendant, the forum, and the litigation."

10  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (internal citations and quotations

11  omitted).  The defendant's contacts with the plaintiff are not jurisdictionally

12  relevant without a specific connection to the forum.  *Id.* at 285 ("But the plaintiff

13  cannot be the only link between the defendant and the forum.  Rather, it is the

14  defendant's conduct that must form the necessary connection with the forum State

15  that is the basis for its jurisdiction over him.").  In other words, to establish specific

16  jurisdiction, Kellytoy must show that Defendants' alleged conduct giving rise to

17  this lawsuit "create[d] a substantial connection with the forum State" and not just

18  the defendant.  *Id*. at 284.

19       Courts in the Ninth Circuit weigh three factors to determine whether specific

20  jurisdiction exists: (i) "[t]he non-resident defendant must purposefully direct his

21  activities or consummate some transaction within the forum or resident thereof; or

22  perform some act by which he purposefully avails himself of the privilege of

23  conducting activities in the forum, thereby invoking the benefits and protections of

24  its laws"; (ii) "the claim must be one which arises out of or relates to the

25  defendant's forum-related activities"; and (iii) "the exercise of jurisdiction must

26  comport with fair play and substantial justice, i.e. it must be reasonable."

27  *Schwarzenegger*, 374 F.3d at 802.  Here, none of the factors weigh in favor of

28  exercising jurisdiction over Defendants.

**A.**     <u>There Is No Specific Jurisdiction over Jay At Play.</u>

    **1.**     **Jay At Play Did Not Purposefully Direct any Actions at California.**

The first prong requires a defendant's "purposeful availment" or "purposeful direction." *Id.* at 802.  The former requirement is applied in cases sounding in contract, while the latter applies to torts.  *Id.*  Trademark infringement is a statutory tort, so the Court should assess "purposeful direction."

Purposeful direction contemplates a defendant taking actions outside the forum state that are directed at the forum.  *Id.* at 803.  Purposeful direction is evaluated under the "effects" test, which requires that the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Id.* at 803.

Here, Kellytoy cannot show that Jay At Play intentionally sought to harm Kellytoy in California.  Jay At Play has not sold any of the accused products in California.  To the contrary, Jay At Play has just one customer – Walmart – located in Bentonville, Arkansas.  (Sutton Decl. ¶ 14.)  Indeed, Jay At Play ships MUSHMILLOWS to Walmart Free on Board ("FOB") Shanghai, meaning Walmart takes ownership of the accused products as soon as Jay At Play delivers the goods to Walmart's freight forwarder in Shanghai.  (*Id.* ¶ 15.)  As a result, Jay At Play has not made any sales or delivery of MUSHMILLOWS in the State of California.  (*Id.* ¶ 17.)

Further, Jay At Play does not target California with any MUSHMILLOWS advertisements.  (Sutton Decl. ¶ 18.)  Though Jay At Play generally advertises through social media, which can be accessed throughout the country, Jay At Play has not advertised MUSHMILLOWS on social media.  (*Id.* ¶ 19.)

In addition, express aiming requires more than a foreseeable effect on the forum state; it requires that the defendant expressly aim its act at the forums state.

In discussing the "effects test" annunciated *Calder v. Jones*, 465 U.S. 783 (1984), the Supreme Court in *Walden* emphasized the importance of the defendant connecting itself to the forum:

> *Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum.  Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State.  The proper question is not where the plaintiff experienced a particular injury for effect but whether the defendant's conduct connects him to the forum in a meaningful way.

*Walden v. Fiore*, 571 U.S. 277, 290 (2014); *Love*, 2006 U.S. Dist. LEXIS 95469, at *17; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (requiring a defendant do "'something more' than commit a 'foreign act with foreseeable effects in the forum state").

Here, Kellytoy has not alleged that Jay At Play purposefully aimed its MUSHMILLOWS conduct at the State of California in a substantial way.  Jay At Play has not connected itself to California in any meaningful way.

### 2. Kellytoy's Claim Does Not Arise out of Forum-Related Activities.

If Jay At Play has not purposefully directed any MUSHMILLOWS activities towards the State of California, then it follows that Kellytoy's claim cannot arise out of any forum-related activities.

### 3. Exercising Personal Jurisdiction over Jay At Play in California Would Not Comport with Notions of Fair Play and Substantial Justice.

Even if Jay At Play had expressly aimed its MUSHMILLOWS conduct at California and satisfied all the above factors, exercising specific jurisdiction would still be unfair and unwarranted.  The Ninth Circuit considers seven factors when

determining whether exercise of jurisdiction over a non-resident defendant comports with fair play and substantial justice:

> (1) the extent of the [defendant's] purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the [defendant's] state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1205 (C.D. Cal. 2000).  Several of these factors weigh heavily against exercise of jurisdiction over Jay at Play.

**First**, purposeful interjection requires even greater connections than the purposeful direction factor of the effects test, *supra*, and so Plaintiffs' incorrect and conclusory allegations cannot establish purposeful interjection by Jay At Play.  *See id.* (noting that even "[a]ssuming defendant's sales to California residents are sufficient to meet the 'purposeful availment' test analyzed above, the extent of interjection into the forum state is a separate factor for assessing reasonableness" and suggesting that "a greater volume of additional connections is required to justify the exercise of jurisdiction when weighing reasonableness factors") (citing *Core-Vent. Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1488 (9th Cir. 1993)).

**Second**, the burden of defending this suit in California would be substantial because Jay At Play's only USA presence is in Boca Raton, Florida.  (Sutton Decl. ¶ 8.)  As a result, none of Jay At Play's potential witnesses or evidence is located in or near California.  (*Id*.)

**Third**, considering Jay At Play is a resident of Hong Kong, the sovereignty barrier is higher as "great care and reserve should be exercised when extending our

notions of personal jurisdiction into the international field." *Callaway Golf*, 125 F. Supp. at 1206.

And **fourth**, given the fact that Jay At Play has not directly sold any MUSHMILLOWS in California, this forum does not have a strong interest in adjudicating this dispute. (*See* Sutton Decl. ¶¶ 14-17.)  If jurisdiction is to be based on Wal-Mart's sale of MUSHMILLOWS fun pillows, and because this lawsuit is based on federal trademark law, this lawsuit does not present any concerns or interests unique or specific to California that would require resolution within this judicial district.

## B.   There Is No Specific Jurisdiction over Jay Franco.

There can be no specific jurisdiction over Jay Franco because Jay Franco lacks any connection to the products at issue in this case.  Kellytoy's complaint accuses only Jay At Play's MUSHMILLOWS fun pillows of infringement.  Jay Franco did not and does not have a hand in MUSHMILLOWS' development, creation, manufacture, importation, or sale.  (Franco Decl. ¶ 4.)  Put simply, Jay Franco's lack of connection to MUSHMILLOWS means Jay Franco has done nothing to give rise to specific personal jurisdiction over it in this District.

Kellytoy's only assertion purporting to connect Jay Franco to the accused MUSHMILLOWS is an allegation "on information and belief" that Jay At Play "is a division or subsidiary of Jay Franco, under the control of Jay Franco . . . ."  (Dkt. 1 ¶ 12.)  This allegation is faulty for several reasons.  First, Jay At Play is not a division, subsidiary, or under the control of Jay Franco.[2]  (Sutton Decl. ¶ 10.)  Second, even if Jay Franco was a subsidiary or parent, "the mere existence of the parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the parent corporation."  *Bright v. Primary Source Media*, 1998 U.S. Dist. LEXIS 15301, at *14 (N.D. Cal. Sept. 29, 1998).  And third, to the extent Kellytoy attempts to allege an alter ego theory of jurisdiction, it would do no

---

[2] At present, the companies do have common ownership.  (Sutton Decl. ¶ 11.)

1    good to impute Jay At Play's connections with MUSHMILLOWS to Jay Franco

2    because there is no specific jurisdiction over Jay At Play in California for all the

3    reasons already described in this Memorandum.  As such, there is no specific

4    jurisdiction over Jay Franco.

5                                **Conclusion**

6           Both Jay At Play and Jay Franco lack any meaningful connection to this

7    District or the State of California.  Accordingly, this Court lacks personal

8    jurisdiction over both Defendants and should dismiss Kellytoy's complaint.

9    DATED: October 16, 2019          KARIN PAGNANELLI

10                                    MARK C. HUMPHREY
                                      MITCHELL SILBERBERG & KNUPP LLP

11

12                                    By:  /s/ Karin G. Pagnanelli
                                          Karin G. Pagnanelli

13                                        Attorneys for Defendants
                                          Jay at Play International Hong Kong

14                                        Limited d/b/a Jay at Play and
                                          Jay Franco & Sons, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell     28
Silberberg &
Knupp LLP

                                          9